Maurice Wahl, J.
The respondent, 285 Riverside Drive Corp., moves to dismiss the petition under article 7-A of the Real Property Actions and Proceedings Law on the ground the court lacks jurisdiction thereof. Prior to the hearing and argument of the motion, hut subsequent to the commencement of the proceeding, the building which is the subject of this proceeding, was sold. The new titleholder as of February 2, 1970 is the respondent, 285 Riverside Drive Corp., a co-operative corporation. Approximately 84 of the 86 tenants occupying the building executed purchase agreements for the shares allocated to their apartments and now are shareholders of the respondent corporation and proprietary lessees of their respective apartments. In the present proceeding, all but two of the original petitioners are shareholders in the respondent corporation.
It is the opinion of the court that the Legislature never intended a special proceeding pursuant to article 7-A of the Real Property Actions and Proceedings Law to be brought by shareholders of a co-operative corporation. Section 769 of the Real Property Actions and Proceedings Law entitled “ Jurisdiction, court; venue” provides in pertinent part that an article 7-A proceeding is “ 1. A special proceeding by tenants of a multiple dwelling” (emphasis supplied). The language of article 7-A throughout makes reference only to “ tenants ” not to tenant-shareholders, and for judgment directing the “ deposit of rents ” not maintenance charges, and to the taking of rent funds out of the control of the landlord and placing it in the hands of another person to administer .the ‘ ‘ rent moneys ’ ’. (Real Property Actions and Proceedings Law, § 778.) Shareholders of a co-operative corporation cannot be considered “ tenants ” for .the purposes of an article 7-A proceeding since their relationship to the co-operative corporation differs substantially from the conventional relationship existing between landlord and tenants. The shareholders in a co-operative represent the ownership of .the building and are themselves responsible for its maintenance and management through an elected board of directors. These directors are at all times responsible to their shareholders and .the shareholders may remove the directors if they fail to satisfactorily perform their duties with regard to maintaining the premises. This board of directors is not a landlord, but is a representative of the tenant shareholders *470 and bears a special fiduciary responsibility to them. (See Mutual Redevelopment Houses v. Goldart, N. Y. L. J., Aug. 8, 1969, p. 10, col. 7, Evans, J., Civil Court, N. Y. County.) Thus the shareholder petitioners herein are in effect suing themselves and requesting a remedy via an article 7-A proceeding which they already have in their board of directors and corporate organization. Furthermore the directors of 285 Riverside Drive Corp. have at their disposal a fund specifically set aside for repairing the premises, and if this amount proves to be inadequate the shareholders in accordance with the corporate by-laws may vote to increase the fund.
Accordingly the court concludes that the shareholder petitioners not being “ tenants ” under article 7-A of the Real Property Actions and Proceedings Law have no standing to maintain this special proceeding and motion to dismiss petition granted.
Respondent, 285 Riverside Drive Corp. also moves to dismiss petition on the ground that less than one third of .the tenants of the premises have been joined in the institution of this proceeding. In addition, .some of the petitioners who signed the petition originally have withdrawn — others, have been added by supplemental petitions, without leave of the court. A ruling on these latter matters need not be made since the decision herein made disposes of the entire action.
Parenthetically, the recent decision in Kahn v. Riverside Syndicate (34 A D 2d 515) has placed a quietus on 7-A proceedings.