OPINION OF THE COURT
Leonard N. Cohen, J.
Respondents move to dismiss this nonpayment summary proceeding on grounds of lack of jurisdiction of the Housing Court in that a conventional landlord and tenant relationship does not exist.
The petitioner owner and sponsor of a co-operative plan, seeks to evict the respondents, co-operative subscribers, from their premises where they have resided since May 1, 1978 under a five-year lease with petitioner at a $500 monthly rental. A co-operative plan was filed by petitioner with the Attorney-General on August 1, 1978 and a subscription agreement entered into with respondents on October 26, 1978. The plan, as amended, became effective on November 28, 1978.
The respondents’ lease, including a letter rider, made a part thereof, was not only for rental of space but in effect an option to purchase the apartment unit in the event of the Attorney-General’s acceptance of the plan. Significantly, the lease rider also provided that upon execution of a subscription agreement the petitioner agreed "to give you [respondents] a closing adjustment credit in the amount equal to the difference between the maintenance of $288.58 and the rental of $500 times the number of months you have paid rent prior to the cooperative closing”.
The subsequent subscription agreement permitted the respondents to occupy the premises prior to the closing date but under certain conditions, one of which is relevant here, namely that they pay to the petitioner sponsor rent under a lease "in such amount as may be fixed by the sponsor but in no event more than the maintenance charges allocated to the space,” which in this proceeding is concededly $288.58.
The agreement further provides for termination of the said lease as of the closing date and commencement date of the cooperative proprietary lease, neither of which events has occurred for reasons irrelevant to this proceeding.
The issue posed here is whether the relationship between the parties is that of landlord and tenant or of a vendorvendee. .
If the parties are treated solely as vendor and vendee, then *747 the Housing Court lacks subject matter jurisdiction barring summary relief. (Rasch, New York Landlord and Tenant [2d ed], §§ 1184, 1185.)
The law is unsettled and confused as to the nature of the property interest of a residential co-operative corporation and a co-operator. Is it a coventional landlord-tenant or a vendorvendee relationship? As pointed out by Judge Shilling, in a well-reasoned opinion (Jimerson Housing Co. v Butler, 97 Misc 2d 563, 565-566), "co-operator[s] are not in themselves specifically listed in the Real Property Actions and Proceedings Law as proper parties to a summary proceeding * * * Attempts to classify the nature of the co-operative interest have centered their analysis on one or more components of that interest depending on the policy considerations to be served.” The court in the Jimerson (supra) case held a co-operative relationship not to be that of a landlord and tenant. The co-operator’s interest, as the opinion states, varies from personalty for estate purposes, to realty for tax purposes and as commercial "goods” for contractual purposes. (Jimerson Housing Co. v Butler, supra, p 566.) Some courts have held the co-operator to be a landlord (Curtis v Le May, 186 Misc 853; 930 Fifth Corp. v King, 40 AD2d 140; and more recently, Esplanade Gardens v Reed, NYLJ, May 9, 1979, p 13, col 3, and cases cited therein; Chinatown Apts. v Chu Cho Lam, NYLJ, March 23, 1979, p 7, col 1).
On the other hand, co-operator shareholders have been deemed by courts not to be tenants within the meaning of article 7A of the Real Property Actions and Proceedings Law to commence a proceeding for rent deposits to compel building repairs. (Bourgeois v Tangerine Realty Corp., 63 Misc 2d 468.) In 158th St. Riverside Drive Co. v Launay (NYLJ, April 6, 1976, p 9, col 2) Judge Nason held that a co-operator’s section 235-b Real Property Law defense of breach of warranty of habitability in a summary proceeding was inapplicable inasmuch as "a cooperative corporation does not stand in the conventional relationship of landlord to its member tenants”. Judge Nason in Esplanade Gardens v Reed (supra) has since held otherwise on the basis of the precedent cited therein.
This proceeding, however, is factually distinguishable from the cases above cited. Those cases all dealt with established co-operative corporations and co-operators, where legal title has passed to the corporation, shares issued and proprietary leases executed. Here the respondents are in possession under *748 a conventional lease but to the extent as provided in the lease for rent in the sum of $288.80 as no closing has occurred. To this extent, therefore, the relationship of the parties clearly is that of landlord-tenant enabling a summary proceeding to be brought. However, concededly the respondents have paid this monthly rate and are not in arrears. As for the balance of the $500 allegedly due although characterized as rent in the lease, it is equally clear from the lease terms that this sum of $211.20 constituted a monthly credit or payment applicable solely to the purchase price and therefore insofar as this payment is concerned the relationship of the parties is not that of a landlord and tenant but of a vendor and vendee.
Accordingly, summary proceedings are inappropriate for such payments as the Housing Court lacks requisite subject matter jurisdiction and petitioner’s remedy in this regard lies elsewhere.
Co-operative ownership is a rapidly growing housing phenomenon and legislation may be needed to resolve the hybrid quality of the unique nature of property ownership and leasehold. The factual pattern here illustrates an additional experience encountered in the development of co-operative property law.
Therefore, the motion is granted and the petition is dismissed in accordance with the foregoing.