OPINION OF THE COURT
Louise Gruner Gans, J.
A petition for the appointment of an administrator pursu *182 ant to RPAPL article 7-A, to collect rents and maintenance fees for the purpose of correcting certain conditions alleged to be dangerous to life, health and safety (RPAPL 770 [1]), has been filed by 3 of an alleged 9 nonpurchasing rent-controlled tenants in the 84-unit cooperatively owned apartment building known as 61-65 East 77th Street and 52-54 East 78th Street, Manhattan. Petitioners seek to have the administrator collect rents and maintenance not only from the nonpurchasing tenants, but also from shareholder tenants.
Named as respondents were the cooperative corporation, Finch Apartment Corporation, the Manhattan Savings Bank, as mortgagee, Charles H. Greenthal Management, the management company for Finch, David Delena, the registered managing agent, Michael Papo, the owner of the unsold shares of stock in Finch Apartment Corporation, Atlantic Resource Management, Inc., the managing agent for Papo, as well as the New York City Department of Housing Preservation and Development. Four of these named respondents, Finch Apartment Corporation, Charles H. Greenthal Management, David Delena and Michael Papo, have moved to dismiss the petition pursuant to CPLR 3211 (a). They allege that the court lacks jurisdiction to entertain the petition, because the petition has been filed by fewer than the "[o]ne-third or more of the tenants occupying” the "dwelling”, as required by RPAPL 770 (1).
In relevant part, RPAPL 770 (1) provides: "One-third or more of the tenants occupying a dwelling located in the city of New York or the commissioner of the department of the city of New York charged with enforcement of the housing maintenance code of such city * * * may maintain a special proceeding as provided in this article”.
Essentially, the issue is whether only the nonpurchasing tenants in a cooperatively owned building may move for the appointment of an RPAPL article 7-A administrator and are, therefore, the only tenants to be counted in determining whether the 7-A petition is supported by the requisite number of tenants, or, whether for purposes of initiating a 7-A proceeding shareholder tenants as well as nonpurchasing tenants must be included in determining the number of tenants who must join the petition in order to satisfy RPAPL 770 (1).
Petitioners oppose the motion, relying on the holding in Bourgeois v Tangerine Realty Corp. (63 Misc 2d 468 [Civ Ct, NY County 1970]), that shareholders in a cooperative corpora *183 tion are not "tenants” and have no standing to initiate RPAPL article 7-A proceedings.
The court agrees with the respondent movants, that the holding in Bourgeois (supra) in 1970 has been undercut by subsequent decisions involving the maintenance and occupancy of apartments in cooperatively owned buildings, which as a matter of law and policy, treat cooperative shareholders as tenants in relation to the cooperative corporation, and extend to them the rights and protections accorded to other tenants. (Hauptman v 222 E. 80th St. Corp., 100 Misc 2d 153 [Civ Ct, NY County 1979] [cooperative shareholders entitled to assert the defense of warranty of habitability (Real Property Law § 235-b)]; Jimerson House Co. v Butler, 102 Misc 2d 423 [App Term, 2d Dept 1979] [cooperative shareholders subject to eviction in summary proceeding]; Linden Hill No. 1 Coop. Corp. v Kleiner, 124 Misc 2d 1001 [Civ Ct, Queens County 1984] [cooperative shareholder covered by waiver provisions of covenants against pet ownership (former Administrative Code of City of New York § D26-10.10)]; Suarez v Rivercross Tenants' Corp., 107 Misc 2d 135 [App Term, 1st Dept 1981] [cooperative shareholder is a tenant protected by the warranty of habitability (Real Property Law § 235-b)]; Southridge Coop. Section No. 3 v Menendez, 141 Misc 2d 823 [Civ Ct, Queens County 1988] [cooperative shareholder is tenant protected by Real Property Law § 235-f which limits enforcement of restrictive occupancy lease provisions].)
Conceptually, an RPAPL article 7-A proceeding for the appointment of an administrator to collect rents and abate conditions "dangerous to life, health or safety” (RPAPL 770 [1]) is a proceeding to enforce the warranty of habitability, which protects tenants from "any conditions which would be dangerous, hazardous or detrimental to * * * life, health and safety.” (Real Property Law § 235-b [1].) Therefore this court accords great weight to the decision of Appellate Term, First Department, in Suarez v Rivercross Tenants Corp. (supra), extending the protection of the warranty of habitability to cooperative shareholder tenants. The Appellate Division, First Department, in Department of Hous. Preservation & Dev. v Sartor (109 AD2d 665, 666 [1st Dept 1985]), cited Suarez v Rivercross Tenants Corp. with approval as part of the trend to extend the protections of the warranty to "all tenants”. Because article 7-A proceedings are closely identified with enforcement of the warranty of habitability, and based on these precedents, the court concludes that cooperative share *184 holder tenants as well as nonpurchasing tenants are “tenants” for the purpose of assessing whether a 7-A petition is supported by the requisite number of “[o]ne-third or more of the tenants”. (RPAPL 770 [1].)
Moreover, the appointment of a 7-A administrator is a drastic remedy which should not be invoked without the participation of all tenants interested in the habitability of the apartments and building where they reside. The requirement of RPAPL 770 (1) that at least one third of the affected tenants join a 7-A petition must be seen as a safeguard provided by the Legislature against imposition of an administrator with all that this entails, at the request of only an insignificant minority of the tenants in occupancy.
Although the court understands and the law recognizes (see, General Business Law § 352-eeee) that in a variety of circumstances the interests of shareholder tenants and nonpurchasing tenants in a cooperatively owned building may be adverse, petitioners’ submissions do not show that the serious conditions of which they complain, including damaged roof and exterior walls, extensive leaks and dampness in walls and ceilings, affect only nonpurchasing tenants, or that in failing to correct these conditions respondents have singled out those affecting nonpurchasing tenants only. On the facts of this case, as presented to the court, no meaningful distinction can be drawn between the interests of shareholder and of nonpurchasing tenants as a group in having these conditions corrected.
For all these reasons, respondent movants’ motion to dismiss the petition is granted. The dismissal is without prejudice to renewal at the instance of one third of both nonpurchasing and shareholder tenants.