OPINION OF THE COURT
Arthur W. Lonschein, J.
Petitioner is a farrier, or horseshoer, who has been barred by the respondent New York Racing Association (NYRA) from working on its property. He seeks to compel the respondent to readmit him until a hearing is had before respondent’s "Barn Area Violations Panel”. The respondent argues that it has an unfettered right to bar petitioner with or without a hearing, as it chooses, and that in any event it did give petitioner a full opportunity to be heard.
Farriers are licensed by the State’s Racing and Wagering *736 Board (Racing, Pari-Mutuel Wagering and Breeding Law § 213; 9 NYCRR 4002.1 [b]). This license is required only insofar as a farrier seeks to pursue his trade on the State’s racetracks. To the extent that he may wish to work at the State’s numerous horse farms or at any other off-track location, he needs no license. It is undisputed that a significant portion of farrier’s work is done off track, but it is also undisputed that petitioner himself worked primarily on track.
The respondent is a private corporation which owns and operates all of the major Thoroughbred racetracks in the State. It is closely regulated by the State through the State’s Racing and Wagering Board. (Racing, Pari-Mutuel Wagering and Breeding Law § 101.) Respondent issues its own credentials, in addition to the State license, to those persons working on its tracks, as required by 9 NYCRR 4003.50.
On January 6, 1988 the petitioner was arrested in the backstretch area of Belmont Park racetrack, which is owned by the respondent, for unlicensed possession of a firearm. Such possession is a violation of respondent’s rules, as well as a crime. On January 7, he was given a "Barn Area Violation Summons” by a member of the respondent’s investigations division, and directed to appear before the "Barn Area Violations Panel” on January 15, 1988. Various members of respondent’s investigative staff have submitted affidavits in which they allege that the petitioner made highly damaging admissions before receiving the summons.
The nature of the proceeding before the panel is in dispute. It is claimed by petitioner that he was given no opportunity to be heard, but was simply informed that his privileges were revoked and that he would not be allowed to enter respondent’s property. The respondent submits affidavits from several participants to the effect that the petitioner was given a full opportunity to respond to the charge against him, but declined to do so on the advice of counsel, due to the pending criminal charges.
At the conclusion of the proceeding, whatever its nature might have been, the panel revoked the petitioner’s NYRA credentials, thus barring him from NYRA’s racetracks.
The threshold issue is whether the respondent was required to give petitioner a hearing before revoking his credentials. If, as it contends, respondent was entitled to revoke the credentials without a hearing, then the nature of the proceeding before the "Barn Area Violations Panel” is immaterial.
*737 It is well settled that respondent retains its common-law right to exclude persons licensed by the State from its tracks, in "the best interests of racing generally.” (Jacobson v New York Racing Assn., 33 NY2d 144, 150; Matter of Saumell v New York State Racing Assn., 58 NY2d 231.) In Saumell, the Court of Appeals held as a matter of constitutional law that respondent could not exclude a jockey without affording him substantive due process. Crucial to the holding in that case was a concession by the Racing Association that the exclusion constituted "State action” for purposes of constitutional analysis. (Supra, at 237.) Also crucial was the lack of prejudice to the respondent from the delay attendant upon • a hearing. Here, there has been no explicit concession of "State action.” Nevertheless, it has been held in similar cases that the State has assumed such an intimate relationship with the respondent that the respondent’s actions must be considered as "State action” for these purposes. (Halpern v Lomenzo, 81 Misc 2d 467, 473; Stevens v New York Racing Assn., 665 F Supp 164, 172.) Thus, respondent’s concession is unnecessary. Arone v Sullivan County Harness Racing Assn. (90 AD2d 137) is not to the contrary, since the court there specifically held the Harness Racing Association to be "markedly different from the NYRA” (90 AD2d 137, 138, supra).
Here, as in Saumell (supra), the fact that respondent did not immediately exclude petitioner from its property, but allowed some days to pass before acting, obviates any claim by it that a hearing would cause undue delay. Further, since the respondent here claims that it did, in fact, give the petitioner notice and a hearing before excluding him, it cannot claim that a hearing requirement would be burdensome or prejudicial.
The respondent attempts to escape from the due process requirements of Saumell (supra) by pointing to the differences between licenses given to "horsemen” like the petitioners in Jacobson (supra) and Saumell (supra) and those given to mere stable employees such as farriers. The Racing and Wagering Board, a State agency, is required to license owners, trainers and jockeys, but may license stable employees or not, in its discretion. (Racing, Pari-Mutuel Wagering and Breeding Law § 213 [1].) Further, while the "horsemen” must have access to the tracks in order to function, farriers can and do work off track to a considerable extent.
In the court’s opinion, neither of these arguments is of *738 sufficient weight to remove this case from the ambit of Saumell (supra).
That the Racing and Wagering Board is not required to license farriers does not alter the fact that it has chosen to do so; and it does not lessen the licensees’ property interest in their licenses. It is not for the respondent to assert that petitioner’s license is of an inferior category, entitled to less protection than a "horseman’s” license. Further, the statute itself does not distinguish between licenses when it comes to revocation proceedings. A license, for any aspect of the racing business, including petitioner’s, may only be revoked for cause, and then only after a hearing. (Racing, Pari-Mutuel Wagering and Breeding Law §213 [2], [3]; 9 NYCRR 4002.9, 4002.10.) Thus, "state law has engendered a clear expectation of continued enjoyment of a license absent proof of culpable conduct”, and has created a property interest in the license. (Barry v Barchi, 443 US 55, 64, n 11.)
The fact that the petitioner may in theory be able to pursue his trade without access to respondent’s property also does not sufficiently distinguish this case from Saumell (supra) to obviate the need for a hearing. Petitioner claims to have done most, if not all, of his work on track. Clearly, to bar him from the track effectively denies him access to his customers, and viewed from the standpoint of fact and not theory, bars him from working. This aside, Saumell itself did not rely on the jockey’s need for track access in order to find a property right in his license. Rather, it referred to Barry v Barchi (supra) by whose criteria this petitioner also has a protectible property interest, as noted above. (Saumell v New York State Racing Assn., 58 NY2d 231, 240-241, supra.) It is this property interest which, when coupled with the respondent’s "State action” and the lack of prejudice to it, entitles the petitioner to a hearing.
The court holds, therefore, that the due process requirements of Saumell v New York State Racing Assn. (58 NY2d 231, supra) apply to all persons licensed by the Racing and Wagering Board, and the respondent was required to afford petitioner a hearing before excluding him from its premises.
As to the second major issue, whether such a hearing was in fact had, the affidavits before the court are in dispute. This factual issue requires an evidentiary hearing. Such a hearing *739 is limited to the nature of the proceeding before the Barn Area Violations Panel, and proof as to the petitioner’s guilt or innocence of the underlying alleged violation will not be entertained.
An order scheduling this evidentiary hearing has been scheduled herewith.