■ In the Matter of PAT MURPHY, Appellant, v NEW YORK RACING ASSOCIATION, INC., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent excluding the petitioner from the respondent's facilities, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated March 28, 1988, which, after a hearing, dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly found that the petitioner, a farrier, was entitled to a hearing before he could be excluded from the respondent's facilities on the ground that he had allegedly possessed a gun while on the premises *(see, Matter of Saumell v New York Racing Assn.,* 58 NY2d 231, *mot to amend remittitur granted* 69 NY2d 705). The petitioner's due process rights were not infringed upon at the court-ordered hearing, by either the use of hearsay evidence, which was "sufficiently relevant and probative" to support the respondent's finding that the petitioner had possessed a gun on its property, or the failure of the respondent to produce its investigators for cross-examination *(Matter of Gray v Adduci,* 73 NY2d 741; *see, People ex rel. Vega v Smith,* 66 NY2d 130;

*Matter of Saumell v New York Racing Assn., supra).* Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur. *[See,* 138 Misc 2d 735.]*