*606 OPINION OF THE COURT
James J. Brucia, J.
This motion by defendant, New York Racing Association (NYRA), and cross motion by defendant County of Nassau, each seeking summary judgment dismissing the plaintiffs complaint are granted.
Cross motion by plaintiff, Patrick Murphy (Murphy), for summary judgment on his complaint against the defendants is denied.
This is an action by plaintiff to recover damages for false arrest, malicious prosecution, and intentional infliction of emotional distress.
Plaintiff, a blacksmith at NYRA, had his "credentials”, i.e., an identification badge with photo, revoked by NYRA in January 1988 because of plaintiffs possession of unlicensed, loaded firearms in its Belmont Park barn area and denied him access to the barn area of NYRA’s tracks to shoe horses as an independent contractor for owners and trainers. Plaintiff challenged this decision to exclude him and brought a special proceeding in the Supreme Court, Queens County to declare invalid the revocation of his "credentials” and to affirm his right to access to NYRA’s tracks. Simultaneously therewith, plaintiff moved, by order to show cause (Lonschein, J.), for preliminary injunctive relief enjoining defendant NYRA from denying plaintiff access to its tracks.
The preliminary injunction was granted by Justice Lonschein on January 21, 1988 on the record. However, after trial Justice Lonschein by combination "order and judgment” dated March 28, 1988 ordered the dissolution of his prior stay against defendant NYRA and adjudged the dismissal the underlying petition for declaratory relief.
Plaintiff Murphy appealed to the Appellate Division, Second Department. On April 4, 1988 plaintiff obtained from the Second Department a preliminary injunction pendente lite, which stayed "the enforcement of [NYRA’s] order of revocation of [Murphy’s] license/credentials issued by [NYRA], pending determination of the appeal from the [1/21/88] judgment”. Significantly, Murphy did not seek and the stay did not encompass any affirmative relief regarding the preliminary injunctive relief awarded by Justice Lonschein on January 21, 1988 and vacated on March 28, 1988.
The Appellate Division affirmed the trial court’s order of *607 vacatur and judgment of dismissal in a plenary decision dated January 30, 1989. (146 AD2d 778.)
On February 9, 1989, NYRA’s counsel served plaintiffs counsel by mail with notice of entry of the Appellate Division decision. On February 11, 1989, NYRA delivered to plaintiff at the Aqueduct track both a letter directing him to vacate its premises and a trespass notice advising him to leave and indicated that any return by him to NYRA’s property would be treated as a trespass. On either February 15 or 16, 1989 plaintiff moved, inter alla, for leave to appeal to the Court of Appeals the Appellate Division’s January 30, 1989 order.
On February 17, 1989, plaintiff entered the Belmont Park backstretch, refused requests of NYRA personnel that he leave and was arrested first by NYRA security personnel and then by the Nassau County Police.
The principal issue to be resolved in this action is whether or not defendant NYRA was under any prohibition from arresting Murphy on February 17, 1989 by reason of the April 4, 1988 order of the Appellate Division, notwithstanding the subsequent decision of the Appellate Division on January 30, 1989.
The elements of a valid claim for false arrest are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. (See, Broughton v State of New York, 37 NY2d 451, 456.)
The existence of the first three elements is not disputed and the court therefore turns its attention to the fourth element.
The best of intentions will not legalize a false arrest and it matters not whether the arresting party has good or bad motives, good or bad faith, malice or lack thereof. These elements are immaterial in an action for false arrest. (Supra.)
Hence, whether or not the defendant NYRA believed the Appellate Division’s stay had been vitiated is of no consequence. At issue is whether or not the defendant NYRA was in fact prohibited from acting against Murphy on February 17, 1989. If such a prohibition did exist the fourth and final element of false imprisonment will have been satisfied.
Resolution of this question turns upon the distinction between CPLR 7805, 5518 and 5519 (c) and (e).
CPLR 7805 provides in relevant part that ”[o]n the motion of any party or on its own initiative, the court may stay *608 further proceedings, or the enforcement of any determination under review” (italics added).
CPLR 5518 provides in relevant part that "[t]he appellate division may grant, modify or limit a preliminary injunction or temporary restraining order pending an appeal or determination of a motion for permission to appeal”.
CPLR 5519 (c) provides in relevant part that "[t]he court from or to which an appeal is taken * * * may stay all proceedings to enforce the judgment or order appealed from pending an appeal or determination on a motion for permission to appeal”. Subdivision (e) of this section, in addition provides in relevant part that: "[i]f the judgment or order appealed from is affirmed or modified, the stay shall continue for five days after service upon the appellant of the order of affirmance or modification with notice of its entry * * * If an appeal is taken or a motion is made for permission to appeal from such an order, before the expiration of the five days, the stay shall continue until five days after service of notice of the entry of the order determining such appeal or motion.”
Plaintiff Murphy contends that the April 4, 1988 Appellate Division stay is governed by CPLR 5519 (c) and hence remained in full force and effect since said stay continued beyond the date of his arrest by reason of the provisions of CPLR 5519 (e).
Defendants do not dispute that application of CPLR 5519 (e) would bring any stay beyond the date of Murphy’s arrest. However, they contend that the April 4, 1988 order was issued pursuant to either CPLR 7805 or 5518 and, hence, automatically ceased to enjoin any conduct by NYRA immediately as of January 30, 1989, the date of Justice Lonschein’s judgment and order was affirmed, or at the latest February 14, 1989, the date Murphy is deemed to have received a copy of the January 30, 1989 decision with the notice of entry (see, CPLR 2103 [b] [2]).
Notwithstanding that Murphy persuaded the First District Court, Nassau County to adopt his position when he successfully moved to dismiss a criminal trespass action against him, this court rejects said position and adopts that of the defendants, but for different reasons.
CPLR 7805 is broader than CPLR 5519 (c) in that the former section permits a stay of "the enforcement of any determination under review” while the latter permits a stay of only "proceedings to enforce the judgment or order appealed from”. (Italics added.)
*609 The April 4, 1988 order of the Appellate Division stayed "the enforcement of [NYRA’s] order of revocation.” Since the April 4, 1988 order stayed action on NYRA’s order and not on the March 28, 1988 order and judgment of Justice Lonschein, CPLR 5519 (c) provides no authority for the Appellate Division’s stay. By contrast, CPLR 7805 provides ample authority for said stay since the NYRA’s order of revocation was certainly a "determination under review” within the meaning of CPLR 7805.
Interestingly, even had plaintiff sought and obtained an Appellate Division stay of the judgment of Justice Lonschein, as distinct from his order, the stay would not have prohibited plaintiff’s arrest since a stay of the judgment would have returned plaintiff and defendant NYRA to the prelitigation status quo. At that time defendant NYRA had revoked plaintiffs license and/or credentials to enter upon its premises. Thus, while CPLR 5519 (c) and (e) would have been applicable in determining the continued existence of the stay on the date of plaintiffs arrest, the continuation of said stay would have afforded the plaintiff no protection against his arrest. Only if the plaintiff had sought and obtained a stay of Justice Lonschein’s March 28, 1988 order (which dissolved the court’s oral preliminary injunction against defendant NYRA) would the application of CPLR 5519 (c) and (e) have prohibited defendant NYRA’s conduct.
In view of the foregoing, this court finds that defendant NYRA and, in turn, defendant County acted without impediment in having Murphy arrested on February 17, 1989. Accordingly, Murphy’s cause of action for false arrest is dismissed as against both defendants.
Having found that the defendants were within their rights in arresting plaintiff Murphy on February 17, 1989, his remaining causes of action for malicious prosecution and intentional infliction of emotional distress may be summarily dismissed.