■ In the Matter of ARTHUR RAUCH, Deceased, by IRENE A. RAUCH, Individually and as Surviving Spouse, Petitioner, v BARBARA A. DeBUONO, as Commissioner of New York State Department of Health, et al., Respondents. [696 NYS2d 923] —Determination unanimously confirmed without costs and petition

dismissed. Memorandum: Although this proceeding should not have been transferred to this Court pursuant to CPLR 7804 (g) inasmuch as the issue of substantial evidence was not raised, we nevertheless consider the merits in the interest of judicial economy (*see, Matter of Moulden v Coughlin,* 210 AD2d 997). Following an administrative hearing, the New York State Department of Health (DOH) found petitioner's decedent, the institutionalized spouse, ineligible to receive Medicaid benefits due to his excess resources. DOH determined that the actual monthly income of petitioner, the community spouse, including income from the community spouse resource allowance (CSRA), fell below the minimum monthly maintenance needs allowance. DOH did not, however, raise petitioner's CSRA by the resources attributed to decedent (*see,* Social Services Law § 366-c [8] [c]; 18 NYCRR 360-4.10 [c] [7]). DOH interpreted the statute and regulation to allow such an increase in the community spouse's CSRA only when the additional resources produced income at the time of decedent's application for Medicaid benefits. We conclude that the determination of DOH is not arbitrary or capricious and is a reasonable interpretation of the statute and regulation (*see, Matter of Golf v New York State Dept. of Social Servs.,* 91 NY2d 656, 665, 667; *see generally, Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Sedita, Jr., J.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.