■ In the Matter of 8-BALL LAUNDRY LOUNGE, INC., Doing Business as OPM/SERENITY, et al., Petitioners, v RICHARD M. TOBE, as Commissioner of Department of Economic Development, Permit & Inspection Services, et al., Respondents. [865 NYS2d 166]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John M. Curran, J.], entered January 10, 2008) to review a determination of respondent Richard M. Tobe, Commissioner, Department of Economic Development, Permit & Inspection Services. The determination found that petitioners had violated section 150-15 (A) of the Buffalo City Code and revoked their license to operate a restaurant/dance club.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination revoking their license to operate a restaurant/dance club. Following a hearing, the Administrative Law Judge (ALJ) recommended the dismissal of all charges alleging the violation of section 150-15 (A) of the Buffalo City Code. Respondent Commissioner rejected the findings of the ALJ as being contrary to the evidence, however, and he sustained 9 of the 12 charges alleging the violation of section 150-15 (A) and revoked petitioners' license. Contrary to petitioners' contention, the determination that the conduct set forth in each of the sustained charges was disorderly or immoral and occurred on petitioners' premises with petitioners' knowledge or consent pursuant to that section of the Code is supported by substantial evidence, i.e., "when the proof is so substantial that from it an inference of the existence of the fact found may be drawn reasonably" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998] [internal quotation marks omitted]). "It is the responsibility of the administrative agency to weigh the evidence and choose among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency" (*Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth.*, 17 AD3d 1101, 1102 [2005]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]).

We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.