■ In the Matter of OZNOR CORPORATION, Doing Business as CLAWSON's GROCERY, Petitioner, v COUNTY OF MONROE et al., Respondents. [875 NYS2d 727]—

*Proceeding pursuant to CPLR article 78* (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William P. Polito, J.], dated October 6, 2008) to annul a determination of respondents. The determination, among other

things, found that petitioner violated article 13-F of the Public Health Law.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination that it violated the Public Health Law by selling tobacco to a minor. Initially, we note that the petition raises no substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g). Nevertheless, we consider the merits of the petition in the interest of judicial economy (*see Matter of Ryder v Daines*, 57 AD3d 1411 [2008]; *Matter of Rauch v DeBuono*, 265 AD2d 797 [1999]).

We reject the contention of petitioner that its constitutional rights were violated by virtue of the fact that the formal notice of violation was signed by an inspector from the Monroe County Department of Health who did not observe the violation (*see Matter of Fay's Inc. v New York State Dept. of Health*, 241 AD2d 815 [1997]). Also contrary to the contention of petitioner, its right to due process in this administrative proceeding was not violated inasmuch as the record establishes that it received adequate notice of the allegations against it and an opportunity to be heard (*see generally Matter of Tax Foreclosure No. 35*, 127 AD2d 220 [1987], *affd* 71 NY2d 863 [1988]). We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.