■ In the Matter of PATRICIA GLANVILLE, Petitioner, v CAYUGA COUNTY BOARD OF HEALTH et al., Respondents. [885 NYS2d 661]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark A. Fandrich, A.J.], entered August 25, 2008) seeking, inter alia, to annul a determination of respondents. The determination found after a hearing that petitioner violated the Clean Indoor Air Act and denied her application for a food service permit.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination that

she violated the Clean Indoor Air Act (Public Health Law art 13-E) and denying her application for a food service permit. Contrary to the contention of petitioner, her "right to due process . . . was not violated inasmuch as the record establishes that [she] received adequate notice of the allegations against [her] and an opportunity to be heard" (*Matter of Oznor Corp. v County of Monroe*, 60 AD3d 1492, 1493 [2009]). Also contrary to petitioner's contention, we conclude that the establishment in question is a *"food service establishment"* within the meaning of the State Sanitary Code (*see* 10 NYCRR 14-1.20 [a]), and petitioner therefore was required to obtain a food service permit to operate the establishment. Finally, the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]; *Matter of 8-Ball Laundry Lounge, Inc. v Tobe*, 55 AD3d 1300 [2008]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.