# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1305**

**TP 14-00849**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF MARVIN DENNARD, PETITIONER,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO EXAMINING BOARD OF PLUMBERS,
RESPONDENT.

---

AMIL SARFRAZ, PLLC, WILLIAMSVILLE (PETER MCGRATH OF COUNSEL), FOR PETITIONER.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Tracey A. Bannister, J.], entered February 21, 2014) to review a determination of respondent. The determination revoked petitioner's master plumber's license.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his master plumber's license. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181). Although the determination is based in part on hearsay evidence, it is well settled that "[h]earsay is admissible in administrative proceedings, 'and if sufficiently relevant and probative may constitute substantial evidence' " (*Matter of Szczepaniak v City of Rochester*, 101 AD3d 1620, 1621, quoting *People ex rel. Vega v Smith*, 66 NY2d 130, 139; *see Matter of Gray v Adduci*, 73 NY2d 741, 742). We likewise reject petitioner's further contention that he was denied a fair hearing based on the use of hearsay evidence at the hearing (*see Matter of Bauer v New York State Off. of Children & Family Servs., Bur. of Early Childhood Servs.*, 55 AD3d 421, 422; *Matter of Murphy v New York Racing Assn.*, 146 AD2d 778, 778-779, *lv dismissed* 74 NY2d 715; *cf. Matter of Scarpitta v Glen Cove Hous. Auth.*, 48 AD2d 657, 658).

Finally, we conclude that petitioner received timely notice of the charges against him and was thus not denied a fair hearing based on untimely notice (*see Matter of Block v Ambach*, 73 NY2d 323, 332;

*Matter of Oznor Corp. v County of Monroe*, 60 AD3d 1492, 1493; *see generally Matter of Tax Foreclosure No. 35*, 127 AD2d 220, 223, *affd* 71 NY2d 863).  Petitioner was notified of the charges against him more than one year before the instant hearing.  Although a prior determination on those charges was annulled and a new hearing ordered, the nature of the charges remained the same and petitioner was not denied the ability to "prepare and present an adequate defense and thereby have an opportunity to be heard" (*Block*, 73 NY2d at 332).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court