Thomas P. McTiernan, Doing Business under the Name of "McTiernan Electric Company", Respondent, v. City of Little Falls, Appellant.

James Drake, Doing Business as Drake's Bakery, Respondent, v. City of Little Falls, Appellant.

Frances A. Trask et al., as Executors of James I. Trask, Deceased, Doing Business as Little Falls Wholesale Company, Respondents, v. City of Little Falls, Appellant.

Nathan, Smallen, Respondent, v. City of Little Falls, Appellant.

Fourth Department, May 5, 1954.

*John J. Zoller, City Attorney,* for appellant.

*James A. McTiernan* for Thomas P. McTiernan, respondent.

*George G. Fiesinger* for James Drake and others, respondents.

*Edwin L. Marion, Jr.,* for Nathan Smallen, respondent.

McCurn, P. J.   A water main which was part of the municipally owned water system in the City of Little Falls burst at about midnight on the evening of December 21, 1948, or shortly thereafter, causing considerable damage to the property of the respective plaintiffs.   These actions were brought by the plaintiffs to recover their respective damages on the theory that the city had been negligent in the construction, operation and maintenance of its water system and that it had been negligent in failing to shut off the water flowing from the broken main within a reasonable time after the discovery of the break.   At the close of all the evidence the defendant moved for a direction of a verdict in its favor and likewise a motion was made by plaintiffs' counsel for a direction of a verdict in favor of each of the plaintiffs.   The trial court directed verdicts in favor of each of the plaintiffs and the appeals here are from the judgments entered upon such directed verdicts.

The defendant now contends that it was unlawfully deprived of its right to a jury trial upon questions of fact.   Inasmuch as our decision rests upon a determination of that question, it would serve no useful purpose to review the evidence.   Suffice it to say that from our examination of the evidence, we have reached the conclusion that the plaintiffs were not entitled to a direction of a verdict on the law alone, and that the court must necessarily have decided questions both of law and fact.

The trial court did not expressly deny the defendant's motion for a directed verdict.   The defendant did not reserve its right to go to the jury upon any question of fact, nor did it withdraw its motion for a directed verdict or request to go to the jury upon questions of fact.   It is the contention of the plaintiffs that in the absence of any such reservation or request the defendant impliedly waived its right to go to the jury upon questions of fact and thereby submitted all questions of law and fact to the trial court for its determination.   Such was

undoubtedly the rule prior to September 1, 1940. (See *Smith* v. *Weston,* 159 N. Y. 194, 198; *Sweetland* v. *Buell,* 164 N. Y. 541, 548; *Second Nat. Bank* v. *Weston,* 161 N.. Y. 520; *Matter of Jacobstein,* 253 App. Div. 458, and *Niagara Ferry & Transp. Co.* v. *Eagle Star & British Dominions Ins. Co.,* 229 App. Div. 433, affd. 254 N. Y. 626.) Reported decisions indicate that the rule enunciated in the above-cited decisions may not always have been well understood by the Bench and Bar and appellate courts on occasions had warned of hasty action where motions for a direction of a verdict had been made by all parties, lest a party might unwittingly waive his right to a jury trial. (See *International Battery Co.* v. *Westreich,* 182 App. Div. 843, 845; *Happel* v. *Lehigh Valley R. R. Co.,* 210 App. Div. 461; *O'Connor* v. *Webber,* 239 N. Y. 191, 198, and *Eastern Dist. Piece Dye Works* v. *Travelers Ins. Co.,* 234 N. Y. 441, 448.)

The Legislature by chapter 749 of the Laws of 1940, effective September 1, 1940, amended section 457-a of the Civil Practice Act by, among other things, adding thereto subdivision 2 reading as follows: " 2. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right [so] to do and to the same extent as if the motion had not been made. *A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.*" (Emphasis supplied.) It will be noted that the amendment expressly and plainly states, " A motion for a directed verdict \* \* \* is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts." We may assume that the Legislature in 1940 acted with knowledge of the court decisions above referred to. The inescapable conclusion is that it intended to overcome such decisions and the difficulties sometimes arising from the practice, and to do away with the rule implying waiver of the right to a jury trial where both parties move for a directed verdict.

Subdivision 2 of section 457-a of the Civil Practice Act appears to have been copied without change from subdivision (a) of rule 50 of the Federal Rules of Practice promulgated in 1937 (U. S. Code, tit. 28). Prior to the adoption of subdivision (a) of rule 50 the Federal courts like our State courts before the amendment of 1940, held that a motion by all parties for a directed verdict without reservation of right or request to go to the jury on a question of fact constituted a waiver of that

right. (See *Williams* v. *Vreeland*, 250 U. S. 295, 298; *Aetna Ins. Co.* v. *Kennedy*, 301 U. S. 389, 393, and *Lyon* v. *Mutual Benefit Assn.*, 305 U. S. 484, 491, 492.) Federal decisions since the adoption of subdivision (a) of rule 50 are to the effect that such express reservation of rights or express request to go to the jury is no longer necessary. (See *Starfred Properties* v. *Ettinger*, 131 F. 2d 575; *United States* v. *Brown*, 107 F. 2d 401; *Vilter Mfg. Co.* v. *Rolaff*, 110 F. 2d 491, 500, and *Vandevander* v. *United States*, 172 F. 2d 100.)

The conclusion is inescapable that the Legislature by the amendment of 1940 adding subdivision 2 to section 457-a of the Civil Practice Act effectively terminated the rule that a motion, by all parties for a directed verdict without reservation of the right, or request to go to the jury upon questions of fact, is deemed a submission to the trial court of all questions of both law and fact and a waiver of the right of a jury trial.

We conclude, therefore, that the defendant in the instant case was erroneously deprived of its right to a jury trial upon questions of fact and that the judgments entered upon the direction of the verdicts should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgments reversed on the law and a new trial granted, with costs to the appellant to abide the event.