■ GLORIA PETRECCA, Appellant, v. J. CAROTENUTO & SONS, INC., et al., Respondents. (Action No. 1.) In the Matter of the Estate of VINCENZO A. CAROTENUTO, Deceased. ALBA CAROTENUTO, as Administratrix of the Estate of VINCENZO A. CAROTENUTO, Deceased, Respondent. (Action No. 2.) — Order, entered on January 19, 1965, denying a motion by plaintiff in Action No. 1 to consolidate Actions No. 1 and No. 2 and to remove Action No. 2 from the Surrogate's Court to the Supreme Court, unanimously affirmed, with $30 costs and disbursements to respondents. The court, in affirming, does so in the exercise of discretion and does not find it necessary to reach the question of power. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.

■ WILLIAM SQUILLANTE et al., Appellants, v. LOS CAB CORP. et al., Respondents.— Judgment in favor of defendants unanimously reversed, on the law, and a new trial ordered, with $50 costs to appellants. After plaintiffs rested in this personal injury action tried before a jury, defendants moved to dismiss the complaint for failure of a prima facie case. When the motion was denied defendants rested and both sides moved for a directed verdict. The court then directed a verdict in favor of defendants on the ground that a verdict by the jury in favor of plaintiff would have had to be set aside as contrary to the weight of the evidence. By denying defendants' motion to dismiss, the court recognized, in our opinion properly, that the evidence was sufficient to require submission of the issues to the jury. A prima facie case had clearly been presented by plaintiffs. Direction of a verdict solely on weight of evidence grounds was therefore error (*Davis* v. *Caristo Constr. Corp.*, 19 A D 2d 518), stemming, it would appear, from the mistaken view that a direction on such grounds is authorized where the motion for a directed verdict has been made by all parties (see CPLR 4401; *McTiernan* v. *City of Little Falls*, 284 App. Div. 79). Concur — Botein, P. J., Breitel, Rabin, McNally and Steuer, JJ.