In the Matter of CLYDE WOODARD, Respondent, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Third Department, May 26, 1965.

*Bouck & Holloway* (*Francis J. Holloway* of counsel), for appellant.

*Caplan & Caplan* (*Jay S. Caplan* of counsel), for respondent.

TAYLOR, J. Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court at Trial Term and the judgment entered thereon which granted permission to respondent pursuant to section 618 of the Insurance Law to bring a personal injury action against it.

The predicate of the application for leave to sue was that respondent, a pedestrian, was struck and injured by an unidenti-

fied automobile. The application was resisted by appellant on the ground that the accident had not been reported to a police officer within 24 hours after its occurrence as required by subdivision (b) of section 608 of the Insurance Law. Special Term found that the issue of compliance with the statute could not be determined upon affidavits, initially directed a hearing at its Chambers on July 21, 1964 but in the interim by order dated July 20, 1964 remanded the proceeding to Trial Term for a trial of the issue before the court and a jury. In compliance with the direction of Special Term a full-dress trial was afforded the parties. At the close of the evidence each moved for a directed verdict. Since appellant neither reserved the right to go to the jury upon any question of fact nor withdrew the motion for a directed verdict, Trial Term concluded that it had waived the right to a jury trial and deemed the motion by both parties to constitute a submission of the issue of fact for its determination which it undertook to decide in favor of respondent. This procedure accorded with the prior rule but not with the present one and the directed verdict was error. (CPLR 4401; *McTiernan* v. *City of Little Falls,* 284 App. Div. 79.) Moreover, the standards for directing a verdict formulated by the case law clearly were not met. (*Tirschwell* v. *Dolan,* 21 A D 2d 923, 924.)

Special Term should have determined the issue of compliance with the reporting provision of the statute. (Insurance Law, § 618, subd. [a]; *Malitz* v. *MVAIC,* 17 A D 2d 108.) Procedural orderliness dictates that the application be restored to its original posture to permit a determination of the question whether or not petitioner had complied with the pertinent statutory condition precedent to a grant of leave to sue.

The order and judgment should be reversed, on the law and the facts, and the matter remanded to Special Term for a hearing, with $20 costs.

GIBSON, P. J., HERLIHY, AULISI and HAMM, JJ., concur.

Order and judgment reversed, on the law and facts, and matter remanded to Special Term for a hearing, with $20 costs.