■ KEN MCLEAN, Respondent, v. BUFFALO BILLS FOOTBALL CLUB, INC., Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: In plaintiff's action to recover a claimed balance of $8,300 due him on his player's contract with defendant, the trial court erroneously undertook to decide the issues instead of submitting them to the jury. By the contract plaintiff agreed to play football as directed only for defendant and to render his full time services during the training seasons and to participate in all practice sessions. For his services and for his agreement not to play football or engage in activities related to football for any other corporation during the term of the contract defendant agreed to pay plaintiff $13,500. Plaintiff reported to defendant's training camp on July 11, 1966, played in three exhibition games and trained with defendant's team until August 25, 1966 when he was informed by defendant's coach that he was cut from defendant's active roster which was limited by league rules to 40 players. This did not terminate defendant's financial obligation to plaintiff. The contract being a "no cut" one, plaintiff was entitled to receive his salary whether he was on the active roster or not.

As a result of a telephone conversation with a Green Bay representative he left Buffalo and went to Green Bay on August 29, 1966 and on the 30th he had breakfast with the Green Bay Packers players, attended a meeting, received a play book and watched practice. On the 31st he called Coach Collier and told him he wanted to come back to Buffalo. After returning to Buffalo defendant's vice-president told him that he had breached the contract and offered him $400 per week to play on the taxi squad which was used to replace any player that was injured and to train outstanding young ball players for the next year. Plaintiff performed all of the duties of a taxi squad player satisfactorily. Defendant claimed that plaintiff breached the contract by leaving the team and going to Green Bay and that the parties thereafter entered into a new contract for plaintiff to play on the taxi squad which was performed by both parties. At the close of the evidence both parties moved for a directed verdict. The court reserved decision on the motions, excused the jury and thereafter rendered a decision finding that plaintiff had partially breached the contract; that defendant waived the breach; that plaintiff had substantially complied with the terms of the contract and was entitled to full payment under it. The parties by moving for a directed verdict did not waive their right to a jury trial of issues of fact. (CPLR 4401; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.11; *McTiernan* v. *City of Little Falls*, 284 App. Div. 79; *Matter of Woodard* v. *MVAIC*, 23 A D 2d 215; *Squillante* v. *Los Cab Corp.*, 23 A D 2d 656.) The record presented such issues as to the materiality of plaintiff's breach of the contract and as to defendant's waiver thereof. (6 Williston, Contracts [3d ed.], § 841, p. 159; *Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], 304 N. Y. 519, 521; *Parke* v. *Franco American Trading Co.*, 120 N. Y. 51, 57; *Bridges & Co.* v. *Barry*, 237 N. Y. 281, 284, 285, mot. for rearg. den. 237 N. Y. 604.) Plaintiff was not entitled to direction of a verdict on the law alone and the court erroneously decided questions both of law and fact thereby depriving defendant of the right to a jury trial upon questions of fact. (*McTiernan* v. *City of Little Falls, supra.*) (Appeal from judgment of Erie Trial Term in an action for breach of contract.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.