## (March 5, 1970)

■ ANNE KAHN et al., Respondents, v. RIVERSIDE SYNDICATE, INC., Appellant, and ANNUITY FUND FOR CONGREGATIONAL MINISTERS, Respondent.— Determination of the Appellate Term, New York County, entered on August 14, 1969, affirming final judgment of the Civil Court of the City of New York entered December 31, 1968 directing, pursuant to article 7-A of the Real Property Actions and Proceedings Law, the appointment of an administrator to operate and manage respondent's multiple dwelling and to apply the rents to make repairs therein and granting petitioners related relief, unanimously reversed on the law and on the facts and petition dismissed without costs or disbursements. Enacted in 1965, section 769 of the Real Property Actions and Proceedings Law provides in its pertinent part: "1. A special proceeding by tenants of a multiple dwelling in the city of New York for a judgment directing the deposit of rent into court and their use for the purpose of remedying conditions dangerous to life, health or safety may be maintained in the civil court of the city of New York." Section 770 lists the conditions considered dangerous to life, health and safety: "lack of heat or of running water or of light or of electricity or of adequate sewerage disposal facilities, or any other condition dangerous to life, health or safety, which has existed for five days, or an infestation of rodents or any combination of such conditions." The petition herein was dated December 19, 1967 and complained of conditions existing then and

prior thereto. The facts established at the trial do not sustain the existence of the emergency situation which the Legislature envisaged when article 7-A was enacted in 1965. A stipulation of settlement dispositive of the original petition was executed on December 19, 1967. The stipulation, approved by the court, provided for an agreement whereunder the landlord was to make repairs and tenants' counsel was given $3,000 in escrow to assure completion thereof. A dispute arose as to whether the landlord had corrected the conditions as provided in the stipulation and the case was restored to the Trial Calendar for May 23, 1968. It was not tried until December 20, 1968, exactly a year after the petition had been filed. That fact alone points up the lack of urgency. A close examination of the record establishes that the proof adduced was clearly insufficient to support the appointment of an administrator. The legislative intent looks to relief in cases of unusual circumstances and neglect by a landlord. Significantly the tenants were unable to establish any violation of record against the property, and their petition for a rent reduction based upon the same complaints as herein urged had been denied by the Rent Control Commission. At best the conditions complained of were transitory and sporadic. This record presents a factual situation unfortunately commonplace in many apartment houses in the City of New York and remediable well within the prior existing statutory scheme through numerous specialized housing and other municipal administrative agencies. Concur — Capozzoli, J. P., McGivern, Nunez and Steuer, JJ.