■ In the Matter of ROBERT F. SIA, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated March 11, 1971, dismissing petitioner from his position as a patrolman in respondent's employ as of February 24, 1971. Determination modified, on the law, by reducing the period of suspension without pay to that of December 17, 1970 to January 16, 1971 and ordering that all pay for the period of suspension from January 16, 1971 to March 11, 1971 be paid to petitioner, less any income received by him for the latter period. As so modified, determination confirmed, including petitioner's dismissal, without costs. In our opinion, the record as to whether petitioner effectively waived any statutory rights to be compensated for the above-mentioned back pay is so confused that it would not be fair to him to hold that he did so waive (cf. *Matter of Amkraut* v. *Hults*, 21 A D 2d 260, 263, affd. 15 N Y 2d 627; *Matter of Schmidt* v. *Macedonio*, 47 Misc 2d 889). Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.

■ BETTY A. KARPF et al., Appellants, v. EVELYN MCLAREN et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 3, 1972, in favor of defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, issues of fact were presented by the proof, which required their submission to the jury. Martuscello, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.