■ In the Matter of MARIO SCARPITTA, Individually and on Behalf of His Family, Petitioner, v GLEN COVE HOUSING AUTHORITY et al, Respondents. —Proceeding pursuant to CPLR article 78 to review respondent's determination, dated June 20, 1974, which terminated petitioner's apartment lease. Determination annulled, on the law, without costs, and matter remitted to respondent for a new hearing consistent with the views herein expressed. Petitioner, age 78, his wife, and their two retarded children have been tenants since approximately August, 1971 in a public housing development administered by respondent. In late November, 1973 petitioner received a letter informing him that his lease was being terminated as of December 31, 1973 due to his failure to observe the rules and regulations of the respondent housing authority. Petitioner immediately requested a hearing with regard to his eviction. A hearing was held before the review board of the housing authority on December 20, 1973 and May 8, 1974, at which petitioner was represented by counsel; evidence was introduced by both petitioner and respondent. The central issue at the hearing was whether the damage done to the apartment, and specifically the extensive damage to the bathroom floor, was the result of tenant abuse of the facilities. Respondent introduced a letter from a plumber employed by it which attributed the damage to petitioner. However, no opportunity to cross-examine the

plumber was afforded, timely objection to which was made by petitioner. Evidence was introduced on behalf of petitioner that the damage to the bathroom floor was caused by a corroded bathtub spout, which allowed water to drip on to the floor and that the leak stopped when the defective spout was replaced. Nevertheless, the review board determined that petitioner had violated the housing authority's rules and regulations and terminated his lease. In reaching this conclusion the board stated, in its memorandum decision, that the evidence introduced by petitioner showing that once the defective water spout was replaced the leak had stopped was rebutted by "reports received within the last week". Petitioner argues that the preeviction hearing failed to comport with the requirements of due process because he was denied an opportunity to confront and cross-examine one of the witnesses against him and because respondent's determination was based, in part, upon unspecified reports not introduced into evidence at the hearing. We agree that both grounds are meritorious. It is well settled that a preeviction hearing, guaranteed to all public housing tenants who choose to avail themselves of such right, must comply with the mandates of due process (see *Escalera v New York City Housing Auth.*, 425 F2d 853, cert den 400 US 853; *Matter of Vinson v Greenburgh Housing Auth.*, 29 AD2d 338, affd 27 NY2d 675; *Matter of Williams v White Plains Housing Auth.*, 62 Misc 2d 613, affd 35 AD2d 965). Essential among the minimal standards which must be observed are the right to confront and cross-examine adverse witnesses and the right to challenge the evidence upon which the authority relies in making its determination (see *Matter of Williams v White Plains Housing Auth., supra).* Both of these rights were vitiated by the actions of respondent. With regard to the introduction into evidence of the plumber's letter, we note that, although hearsay evidence is admissible in administrative proceedings, the receipt of such evidence, under certain circumstances, may deny a party a fair hearing, even if there is substantial independent and competent evidence in support of the allegations (see *Matter of Erdman v Ingraham,* 28 AD2d 5, 9). In the present case, a close factual issue was presented as to whether the damage caused to the bathroom floor was attributable to petitioner. Within this context, it is reasonable to assume that the letter written by a licensed plumber who worked for the housing authority carried great weight with the review board. Thus, the denial of the opportunity to cross-examine that witness worked a substantial deprivation upon petitioner's right to a fair hearing. An even graver error was committed by the board in basing part of its determination upon unspecified reports not received into evidence at the hearing. By this action petitioner was completely denied the opportunity to challenge or rebut those documents. Such error was highly prejudicial (see *Escalera v New York City Housing Auth., supra,* p 862; *Matter of Cianelli v Department of State,* 16 AD2d 352; *Matter of Miller v McGovern,* 283 App Div 575; 18 ALR 2d 555). Finally, it should be noted, we do not reach petitioner's other contention that the review board's determination is not supported by substantial evidence. "No adequate judicial review is possible where essential evidentiary material upon which the administrator has acted is not in the record and before the court" (*Matter of Miller v McGovern, supra,* p 577). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.