■ ORRIE DUKES, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated May 11, 1977 and made after a hearing, which found petitioner eligible for continued occupancy of her apartment, subject to the permanent exclusion of her daughter from the household. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent for a new hearing consistent herewith. The decision of the hearing officer followed an adversary hearing. Respondent offered the testimony of two police officers who had arrested petitioner's daughter following two separate incidents in which she had allegedly robbed and assaulted women on the premises of the housing project. The testimony of the officers was almost entirely hearsay. In the course of the hearing, they frequently referred to the Family Court proceedings concerning the incidents, at which petitioner's daughter was adjudicated a juvenile delinquent and placed on probation for one year (the probationary period has now been successfully

completed) on the two charges. One of the officers also recalled certain admissions made by petitioner's daughter which related to the incidents. It is clear that the hearing officer relied extensively on the Family Court determinations in reaching his decision. In fact, the hearing officer's decision states, mistakenly, that petitioner's daughter pleaded guilty to one of the charges. Section 783 of the Family Court Act provides that the fact that a person was before the Family Court in a juvenile delinquency proceeding is inadmissible in any court. Although the provision does not expressly apply to administrative proceedings, we find that it was error, in the circumstances of this matter, to permit testimony concerning the Family Court proceedings. We note, moreover, that the charges relating to one of the incidents were dismissed subsequent to the hearing herein. Of course, the hearing officer properly permitted inquiry into the facts underlying the Family Court charges. However, the excessive reliance on hearsay evidence effectively denied petitioner the right to cross-examine adverse witnesses (see *Matter of Scarpitta v Glen Cove Housing Auth.,* 48 AD2d 657; *Matter of Erdman v Ingraham,* 28 AD2d 5). Because the errors discussed above require that the determination under review be annulled, we have not reached the other issues raised by petitioner. Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.