■ J. C. S. DESIGN ASSOCIATES, INC., Appellant, v DANIEL M. VINNIK, Respondent. — Order, Appellate Term, Supreme Court, New York County, entered January 6, 1981, which reversed an order of the Civil Court, New York County, entered August 11, 1980 (Pecora, J.), which had denied defendant's motion to vacate a default judgment and to restore the action to the Trial Calendar and granted the motion, affirmed, without costs. At the time the

conference Judge in the Civil Court entered a default against the defendant, the Judge had ample basis for his conclusion that the defendant's application for an adjournment based on his supposed illness represented an effort to impose upon the court. The application took the form of a brief note by defendant to his counsel devoid of any details as to the nature of his illness and its likely duration, and was unaccompanied by any medical certificate. The Judge's own properly conducted inquiries, coupled with other information presented by plaintiff's counsel, made it clear that defendant was not too ill to go to his law office and to conduct his normal business. Under the circumstances, including the facts that a jury had been selected to try the case some days before, the parties had been waiting for a trial part to open, and the court had previously denied an application for an adjournment by defendant's counsel on the ground of a previous commitment in another court, the Judge had every right to feel indignant at this apparent effort to deceive him. The correctness of the Judge's assessment was convincingly confirmed in the papers thereafter submitted on the motion to vacate the default. In response to detailed affidavits submitted by the plaintiff, clearly establishing that, on the day of his supposed illness, defendant was attending to business as usual, the defendant submitted a reply affidavit that was evasive on the essential questions raised and flatly contradicted the original application with regard to when he had become ill. The actions of the defendant, a lawyer with particular responsibility to deal fairly and courteously with the court, merit severe criticism. Having concluded that the application for an adjournment was not made in good faith, the assignment Judge had every right to deny the application. However, the absence of the defendant in a civil action from the courtroom where the lawyers were awaiting the availability of a trial part did not constitute a default. The trial could well have proceeded in his absence even if he had chosen to remain away from court after learning that his application had been denied. The problem arose when defendant's counsel, alleging that the defendant's actions had placed them in a false position, applied to be relieved as counsel. The court had an adequate basis for granting the application, although we think it appropriate to note that defendant's application for an adjournment followed by one day the application of his counsel for an adjournment because of a prior trial commitment, and that the attorney originally in court to try the case for the defendant was replaced by another from his firm on the day the defendant's application for an adjournment was made. When the court granted the application of counsel to be relieved it then became impossible to proceed with the trial. Notwithstanding defendant's conduct, and the court's understandable feelings of indignation, defendant was entitled to notice that his attorneys had been relieved and to a reasonable opportunity to secure other counsel. No doubt it was disturbing to the court, as it is now to us, that the withdrawal of defendant's counsel should secure for the defendant an adjournment that he had sought on other, and meritless grounds. In retrospect, it may have been better if the court had denied the application for an adjournment and counsel's motion to be relieved, and had directed the case to proceed as soon as a part became available. Notwithstanding defendant's failure on the motion to dismiss to submit facts showing merit to the defense, we agree with Appellate Term that the default judgment must be vacated, and the action restored, in view of the failure to give the defendant an opportunity to secure new counsel. Concur — Birns, Sandler and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and reinstate the judgment of the Civil Court. The papers of the defendant-respondent do not indicate a meritorious defense.