■ TILDEN FINANCIAL CORPORATION, Respondent, v VINCENT COMMISSO, Appellant, et al., Defendants.—In a proceeding pursuant to CPLR 5227 to direct the Bank of New York to turn over moneys held in the bank account of Vincent and Theresa Commisso, Vincent Commisso appeals from an order of the Supreme Court, Westchester County (Martin, J.), entered September 20, 1984, which granted a motion for a turnover order and denied the appellant's motion to vacate a default judgment insofar as it is against him. The appeal brings up for review so much of an order of the same court dated November 13, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered September 20, 1984, dismissed, without costs or disbursements. That order was super-

seded by the order dated November 13, 1984, made upon reargument.

Order dated November 13, 1984, reversed insofar as reviewed, without costs or disbursements, order entered September 20, 1984 vacated, and matter remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

Following the entry of a default judgment against, *inter alia,* the appellant, Tilden Financial Corporation moved for a turnover order and the appellant moved to vacate the default judgment insofar as it is against him. He argued that he had never been served by his prior attorney with a copy of an order relieving that attorney as his counsel. That order had directed that if service was by mail, it was to be certified mail with a return receipt. The only item produced to support the allegation of service was the affidavit of the process server. The appellant submitted a sworn statement that there was never any effective service. The papers did not have a copy of a return receipt. Under such circumstances, the burden was upon Tilden Financial Corporation to prove that there was proper service. Thus, there must be a hearing *(see, Green Point Sav. Bank v Taylor,* 92 AD2d 910).

The court noted that the appellant failed to set forth a meritorious defense to the action. This in and of itself would not support a denial of the appellant's motion. The appellant was entitled to notice of the order relieving his counsel so as to afford him an opportunity to secure a new counsel, whether or not there was a viable defense to the action *(see, J.C.S. Design Assoc. v Vinnik,* 85 AD2d 572). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.