OPINION OF THE COURT
Per Curiam.
Final judgments dated September 28, 1998 affirmed, with $25 costs.
*599 Order dated October 21, 1998 affirmed, with $10 costs.
The record supports the possessory and money judgments entered after trial in these protracted and bitterly litigated nonpayment proceedings, and tenants make no direct challenge to the amount of arrears or the minimal abatement awarded. The conduct of a trial is subject to the sound discretion of the trial judge, and we find no cause to disturb the trial court’s evidentiary and procedural rulings. There was no abuse of discretion in the decision to deny tenants an indefinite continuance and to strike tenant Barbara McNamara’s testimony for her failure to submit to cross-examination. The record amply supports the court’s determination that tenant’s absence was a deliberate failure to attend, part of a pattern of procrastination, and constituted a dilatory litigation tactic (see, J.C.S. Design Assocs. v Vinnik, 85 AD2d 572).
The “overwhelming pattern of delay, harassment and obfuscation” that prevailed throughout this litigation supports the trial court’s imposition of sanctions against tenant Barbara McNamara (an attorney) and her counsel. In what were factually uncomplicated nonpayment proceedings, “the procedural route, relentlessly prolonged by the [tenants], has been tortuous” (Levy v Carol Mgt. Corp., 260 AD2d 27). As Civil Court concluded, based on ample evidence in the record, the litany of motions, including requests for appointment of a 7-A administrator, recusal of the trial judge and numerous filings in other courts, had no good faith basis and were meritless and vexatious attempts to delay the proceedings.
It is manifest that landlord substantially prevailed on the central issues litigated and is entitled to an award of attorneys’ fees (see, Peachy v Rosenzweig, 215 AD2d 301; Excelsior 57th Corp. v Winters, 227 AD2d 146).
We have reviewed tenants’ remaining arguments, including those raised in the appeals from the pretrial orders, and find them to be without merit.
McCooe, J. P., Gangel-Jacob and Suarez, JJ., concur.