OPINION OF THE COURT
Susan F. Avery, J.
Petitioners commenced this proceeding by filing an order to show cause, notice of petition and petition seeking the appointment of a Real Property Actions and Proceedings Law article 7-A administrator[1] for the premises known as 314 MacDougal Street, Brooklyn, NY 11223. The proceeding was unable to be resolved, and the matter proceeded to trial.
Upon the commencement of the trial, the court took judicial notice of the violations of record placed at the subject property by the Department of Housing Preservation and Development (DHPD) (which was admitted into evidence as petitioner’s exhibit 1), the Department of Buildings (DOB) and complaints filed with the Environmental Control Board (ECB) (petitioner’s exhibits 2-A through L).
The Applications Currently before the Court
Respondent’s Application
At the close of the petitioners’ case-in-chief, counsel for the respondent orally moved for dismissal of the proceeding, upon the contention that the petitioners failed to meet their prima facie burden. The court denied the oral application without prejudice, directed respondent to make the application in writing, and the proceeding was adjourned for the court to hear oral argument on the written application.
However, rather than submitting a written motion seeking a directed verdict, counsel for the respondent submitted a memoranda of law, in support of the argument that the proceeding should be dismissed, based upon the contention that the petitioners failed to meet their prima facie burden.
*517 Respondent contends that the proceeding must be dismissed, because following the submission of petitioners’ “case-in-chief” in which the petitioners called only one witness and submitted numerous documents into evidence, the petitioners failed to meet their prima facie burden to support that an RPAPL article 7-A administrator should be appointed. Therefore, respondent contends that CPLR 4401.and RPAPL 776[2] require dismissal of the instant proceeding.
Petitioners’ Application
In opposition, petitioners contend that the documents contained within the court file, including the certified documents of DHPD and the DOB, as well as court documents including affidavits, coupled with Ms. Garcia’s unrebutted testimony, are sufficient for this court to appoint an administrator and to defeat the respondent’s application for a directed verdict.[3] Petitioners also request that the matter proceed to trial on the respondent’s defenses. The court notes that the petitioners’ initial moving papers seek judgment as a matter of law pursuant to CPLR 409 and RPAPL article 7-A.[4] As a result, this court will address both contentions.
Additionally, petitioners’ assertion that the respondent’s application for a directed verdict is not properly before the court is without merit. Following the respondent’s oral application for a directed verdict, the court requested that the respondent “make the application in writing” and the proceeding was adjourned, on the record for that purpose. Contrary to the petitioners’ assertion, the respondent was not required to submit a formal motion on notice.
Petitioners’ Witness
At trial, the petitioners called Ms. Judith Garcia as a witness. Ms. Garcia stated that she has lived in apartment 2R at 314 MacDougal Street for 14 years. She stated that she brought this action because she is afraid for the health and safety of herself and her family at the premises. She stated that construction work is being done in the apartments located on the floor above where her apartment is located. She said as a *518 result of the construction, she felt that her safety was jeopardized because there was constant banging, free-falling plaster, noise, pipes shaking and that the ceiling “caved in.”
A document was marked for identification as petitioners’ exhibit 3. Ms. Garcia testified that she recognized the document marked for identification as petitioners’ exhibit 3 as a photograph she took with her phone, which depicts the ceiling in her child’s room, showing there is a hole in the ceiling. Ms. Garcia stated that the photograph depicts a true and accurate representation of the condition of the ceiling in the room. The document was admitted into evidence.
Admitted into evidence as petitioners’ exhibit 4 was a photograph which Ms. Garcia stated that she took on May 10, 2016 and it accurately depicts the condition of the bed in her child’s room, full of debris, following the collapse of the ceiling.
Ms. Garcia testified that the building she lives in contains six units and that the two units located on the third floor are vacant. She then named the copetitioners as occupants of the other apartments in the building which is the subject of this action.
At the request of the petitioners’ counsel, judicial notice was taken of the contents of the entire court file, with a special emphasis on the respondent’s affidavit in support of its order to show cause.[5]
Following Ms. Garcia’s testimony, counsel for the petitioners sought to have additional documents admitted into evidence, which over counsel for the respondent’s objection, were admitted into evidence by the court. The petitioners then rested.
Respondent’s Arguments in Support of Dismissal of this Action
It is respondent’s contention that in support of their case, petitioners failed to submit “credible evidence” and submitted “only suspect testimony” and certified documents which fail to demonstrate by “a preponderance of the evidence” that conditions exist which are “dangerous” to health and safety. Additionally, respondent argues that not every violation is dangerous to health and safety. Additionally, respondent asserts, there was not even “a scintilla of evidence” to support the petitioner’s harassment claims.
*519 Article 7-A of the Real Property Actions and Proceedings Law
Article 7-A of the RPAPL authorizes the commencement of a
“special proceeding by tenants of a dwelling in the city of New York . . . for a judgment directing the deposit of rents into court and their use for the purpose of remedying conditions dangerous to life, health or safety ... in the civil court of the city of New York.”[6]
RPAPL 770 (1) details the grounds upon which an article 7-A proceeding may be maintained. The statute provides that
“[o]ne-third or more of the tenants occupying a dwelling located in the city of New York . . . may maintain a special proceeding . . . upon the ground that there exists in such dwellings or in any part thereof a lack of heat or of running water or of light or of electricity or of adequate sewage disposal facilities, or any other condition dangerous to life, health or safety, which has existed for five days, or an infestation by rodents, or any combination of such conditions; or course of conduct by the owner or the owner’s agents of harassment, illegal eviction, continued deprivation of services or other acts dangerous to life, health or safety.”
Once one third or more of the tenants/petitioners demonstrate the existence of
“a lack of heat or of running water or of light or of electricity or of adequate sewage disposal facilities, or any other condition dangerous to life, health or safety, which has existed for five days, or an infestation by rodents, or any combination of such conditions; or course of conduct by the owner or the owner’s agents of harassment, illegal eviction, continued deprivation of services or other acts dangerous to life, health or safety” as required by RPAPL 770 (1), the burden shifts to the owner[7] to demonstrate the existence of one or more of the three defenses specifically authorized by statute.
*520 Required Determinations
Following the trial, RPAPL 776 requires that
“[t]he court shall render a final judgment either
“a. Dismissing the petition for failure to affirmatively establish the allegations thereof or because of the affirmative establishment by the owner .... of a defense or defenses specified in section seven hundred seventy-five of this article; or
“b. Directing that (1) the rents due on the date of the entry of such judgment from the petitioning tenants and the rents due on the dates of service of the judgment on all other residential and nonresidential tenants occupying such dwelling from such other tenants, shall be deposited with the administrator appointed by the court, pursuant to section seven hundred seventy-eight of this article; (2) any rents to become due in the future from all tenants occupying such dwelling shall be deposited with such administrator as they fall due; (3) such deposited rents shall be used, subject to the court’s direction, to the extent necessary to remedy the condition or conditions alleged in the petition and (4) upon the completion of such work in accordance with such judgment, any remaining surplus shall be turned over to the owner, together with a complete accounting of the rents deposited and the costs incurred; and granting such other and further relief as to the court may seem just and proper.”[8]
Alternative Permissible Determination
The law also supports that
“[i]f, after a trial, the court shall determine that the facts alleged in the petition have been affirmatively established by the petitioners, that no[ne of the three] defense [s] . . . [permitted] has been affirmatively established by the owner . . . and that the facts alleged in the petition warrant the granting of the relief sought, and if the owner . . . shall apply to the court to be permitted to remove or remedy the conditions specified in such petition and shall (1) demonstrate the ability promptly to undertake the work required; and (2) post security for the performance thereof within *521 the time, and in the amount and manner, deemed necessary by the court, then the court, in lieu of rendering judgment . . . may issue an order permitting [the owner] to perform the work within a time fixed by the court.”[9]
Potential Defenses
RPAPL 775 provides that
“[i]t shall be a sufficient defense to the proceeding, if the owner . . . [can] establish that:
“a. The condition or conditions alleged in the petition did not in fact exist or that such condition or conditions have been removed or remedied; or
“b. Such condition or conditions has been caused by a petitioning tenant or tenants or members of the family or families of such petitioner or petitioners or of their guests or by other residents of the dwelling or their families or guests; or
“c. Any tenant or resident of the dwelling has refused entry to the owner or his agent to a portion of the premises for the purpose of correcting such condition or conditions.”
CPLR 4401
CPLR 4401 authorizes that
“[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, or at any time on the basis of admissions. Grounds for the motion shall be specified. The motion does not waive the right to trial by jury or to present further evidence even where it is made by all parties.”
CPLR 409
CPLR 409 (a) reads as follows:
“[u]pon the hearing, each party shall furnish to the court all papers served by him. The petitioner shall furnish all other papers not already in the possession of the court necessary to the consideration of *522 the questions involved. Where such papers are in the possession of an adverse party, they shall be produced by such party at the hearing on notice served with the petition. The court may require the submission of additional proof. All papers furnished to the court shall be filed unless the court orders otherwise.”
Additionally, CPLR 409 (b) reads as follows: “[s]ummary determination. The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.”
Respondent’s Arguments
Respondent argues that the petitioners may not rely on pleadings, affidavits and the testimony of a single witness to support that an RPAPL article 7-A administrator should be appointed. Additionally, the respondent asserts that the law requires that to appoint an RPAPL article 7-A administrator, the petitioners must demonstrate that one third or more of the tenants occupying the dwelling are named petitioners in the proceeding and the one third or more of those tenants must demonstrate that
“there exists in such dwelling! ] . . . a lack of heat or of running water or of light or of electricity or of adequate sewage disposal facilities, or any other condition dangerous to life, health or safety ... or an infestation by rodents, or any combination of such conditions; or course of conduct by the owner or the owner’s agents of harassment, illegal eviction, continued deprivation of services or other acts dangerous to life, health or safety,” “which has existed for five days” (RPAPL 770 [1]).
It is the respondent’s position that the petitioners failed to meet their statutory burden.
Analysis of the Facts and the Law
“The proper legal standard for deciding a motion pursuant to CPLR 4401 is whether, granting the plaintiff every favorable inference from the evidence submitted, there was any rational basis upon which [the trier of facts] could have found for the plaintiff.”[10]
“[I]n a summary proceeding it is the obligation of the court to ‘make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are *523 raised,’ ”[11] by utilizing summary judgment (CPLR 3212) standards[12] to determine that a party is entitled to judgment as a matter of law.[13]
Respondent’s argument that Ms. Garcia gave inconsistent testimony and therefore is not a credible witness has no relevance to the instant application,[14] as this court must deem Ms. Garcia to be a credible witness when ruling on respondent’s CPLR 4401 motion.[15]
Similarly, a determination on the petitioners’ CPLR 409 application must be analyzed using CPLR 3212 summary judgment standards, which requires that the court view the submissions in a light most favorable to the respondent.[16]
To support the appointment of an RPAPL article 7-A administrator, it was petitioners’ burden to submit proof in *524 evidentiary form from at least one third of the tenants that dangerous conditions have existed at the premises for more than five days. To raise a factual issue, it was respondent’s burden to demonstrate the existence of one or more of the defenses authorized by statute. It has been held that “in addition to their pleadings [where] the parties have submitted other evidence to support their respective positions . . . the court may treat the matter summarily and proceed to search the record to determine [whether] genuine triable issues of fact [are present] (see CPLR 409 subd [b]).”[17]
Respondent’s Case in Defense
Upon a search of the record, this court finds that the respondent has asserted sufficient defenses to this proceeding as authorized by RPAPL 775.[18] Specifically, the respondent has asserted that the petitioners have refused to provide access to inspect and correct the stated conditions;[19] that the conditions were caused by the petitioners or guests or family members of the petitioners[20] and that the conditions have been corrected.[21]
*525 The Plain Language of the Statute
Notwithstanding the statutory provisions that the parties base their arguments upon, the laws of statutory construction require this court to base its determination on the more specific provisions of the RPAPL when determining the drastic remedy of appointing an RPAPL article 7-A administrator, rather than the general provisions of the CPLR for awarding judgments.[22]
RPAPL 774 is clear that “[w]here triable issues of fact are raised . . . they shall be tried by the court.” Accordingly, it is for this court to determine whether the statute requires that, in order to prove their prima facie case, at least one third of the tenants at the premises must testify in court at the trial and subject themselves to cross-examination, or whether the statute contemplates that a “trial on submitted papers” along with the trial testimony of a single witness, is sufficient to support the appointment of an RPAPL article 7-A administrator.
Based upon the foregoing, this court will analyze the language of the applicable statutes. “[I]t is well-established . . . that the legislature may, in enacting a law, define the terms used therein or declare what construction shall be placed on its own language, and such legislative interpretations will not be lightly disregarded.”[23] Indeed, “[w]hen construing a statute, courts must first look to the language of the statute. If the language is clear and unambiguous, courts must follow the plain meaning of the statute.”[24]
As the appointment of an RPAPL article 7-A administrator is a drastic remedy, it must not be invoked without the participation of all of the statutorily required tenants (RPAPL 770 [1]). The requirement of RPAPL 770 (1) that at least one third of the affected tenants “maintain” the proceeding, must be seen as a safeguard provided by the legislature to ensure that a landlord will not be divested of his or her property interest by *526 the imposition of an administrator at the request of only a minority of the tenants in occupancy.[25]
The plain language of RPAPL 774, read in tandem with the plain language of CPLR 409, requires this court to conduct a trial, where complaining witnesses are subject to cross-examination. While CPLR 3212 (a) states that “[a]ny party may move for summary judgment in any action, after issue has been joined,” RPAPL 774 mandates that “[w]here triable issues of fact are raised, they shall he tried by the court” (emphasis added). Moreover, CPLR 409 (b) only authorizes summary determination upon the pleadings, papers and admissions “to the extent that no triable issues of fact are raised”[26] and courts consistently hold that where issues of fact are raised, they must be resolved at trial (emphasis added).[27] In the case at bar, the respondent raised issues which preclude summary determination in petitioners’ favor.
Due Process Requirements
Having sufficiently asserted valid defenses to this proceeding, the respondent was entitled to a trial on the issues raised, and was entitled to confront the complaining petitioners through cross-examination.[28]
The New York State Constitution mandates that “[n]o person shall be deprived of life, liberty or property without due process of law,”[29] and the language of the New York State Constitution mirrors the language of the Fourteenth Amendment of the *527 Federal Constitution.[30] Accordingly, the court is constitutionally required to conduct a hearing prior to depriving the respondent of any property rights.[31]
The due process provisions of the Federal and State Constitutions require that “[w]henever state action deprives a citizen of his or her liberty or property due process requires that he or she be afforded the opportunity for a hearing.”[32] The hearing must be provided “in a meaningful manner.”[33] To be meaningful, the hearing “must comply with the mandates of due process.”[34] Indeed, “[e]ssential among the minimal standards which must be observed [to ensure due process requirements are met] are the right to confront and cross-examine adverse witnesses”[35] and “the denial of the opportunity to cross-examine that witness work[s as] a substantial deprivation upon petitioner’s right to a fair hearing.”[36] Also, “[t]here was no abuse of discretion in the decision ... to strike tenant[⅛] . . . testimony for her failure to submit to cross-examination.”[37] Additionally, “the excessive reliance on hearsay evidence effectively denied petitioner the right to cross-examine adverse witnesses.”[38]
Further, “[i]n almost every setting where important decisions turn on questions of fact, [constitutional] due process requires an opportunity to confront and cross-examine adverse *528 witnesses,”[39] and it is only by enforcing the “constitutional safeguards of due process”[40] that true justice will be achieved.[41]
Negative Inference
“A trier of fact may draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding,”[42] including summary proceedings tried in Housing Court.[43] Accordingly, this court draws a negative inference as a result of the petitioners’ failure to call two thirds of the tenants of the subject premises to testify at the trial on their own behalf.
Conclusion
The petitioners’ having called only one witness/tenant when it is undisputed that four units at the residence/building are currently occupied has precluded respondent from the opportunity to confront his accusers. As a result, petitioners have failed to meet their prima facie burden[44] and respondent is entitled to judgment in its favor.[45] In light of the above determination, this court need not address any other issue.
Decision/Order
Based upon the foregoing, the proceeding is dismissed.

. Article 7-A of the RPAPL establishes a mechanism whereby the court can remove an irresponsible landlord from management of a building and replace that irresponsible landlord with a responsible manager.

. Following the trial in an RPAPL article 7-A proceeding, RPAPL 776 requires the court to either dismiss the proceeding (RPAPL 776 [a]) or to appoint an administrator (RPAPL 776 [b]); the court has no discretion but to rule in one of those two ways, except as permitted by RPAPL 776.

. See affirmation of Rachel Nager, Esq., dated May, 26, 2016.

. See affirmation of Rachel Nager, Esq., dated May, 26, 2016.

. See affidavit of Jacob Leifer, June 26, 2016.

. RPAPL 769 (1).

. “[T]he term ‘owner’ shall mean and include the owner or owners of the freehold of the premises or lesser estate therein, mortgagee or vendee in possession, assignee of rents, receiver, executor, trustee, lessee, agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling, but shall not include a receiver appointed pursuant to section three hundred nine of the multiple dwelling law” (RPAPL 781).

. RPAPL 776.

. RPAPL 777 (a).

. Godlewska v Niznikiewicz, 8 AD3d 430, 431 (2d Dept 2004).

. Fourth Hous. Co., Inc. v Bowers, 53 Misc 3d 43, 45 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016), citing CPLR 409 (b).

. See Town of Oyster Bay Hous. Auth. v Kohler, 34 Misc 3d 1243(A), 2012 NY Slip Op 50518(U), *9 (Nassau Dist Ct 2012, Fairgrieve, J.) (“CPLR 409[b] which governs hearings in special proceedings, requires that the Court make a summary determination upon the pleadings, papers and admissions ... [by applying] the standards governing motions for summary judgment [which] are applicable to . . . summary proceedingts] to recover possession of real property” [internal quotation marks omitted]).

. Pena v Penny Lane Realty Inc., 129 AD3d 441 (1st Dept 2015).

. “In reviewing the dismissal of plaintiffs’ complaint at the close of their case, this court is required (as was the trial court) to view the evidence adduced in the light most favorable to plaintiffs, and all questions as to a particular witness’ credibility must be resolved in plaintiffs’ favor” (Santiago v Steinway Trucking, 97 AD2d 753, 753-754 [2d Dept 1983]; see also Bzezi v Eldib, 112 AD3d 772, 773-774 [2d Dept 2013] [“the judgment is reversed . . . the motion . . . pursuant to CPLR 4401 is denied, the complaint . . . (is) reinstated, and the matter is remitted to the Supreme Court, Kings County . . . . To be entitled to judgment as a matter of law pursuant to CPLR 4401 . . . the trial court must . . . consider() (the facts) in a light most favorable to the nonmovant . . . (and) (i)n making this determination, a court must not ‘engage in a weighing of the evidence,’ nor (grant such motion) where . . . the credibility of (a) witness!) is in question” (citing Dolitsky v Bay Isle Oil Co., 111 AD2d 366 [2d Dept 1985], and Brownrigg v New York City Hous. Auth., 70 AD3d 619 [2d Dept 2010])]).

. See Pipelias v City of New York, 99 AD3d 685, 685-686 (2d Dept 2012) (“[t]he Supreme Court erred in granting the . . . CPLR 4401 [motion] . . . and in dismissing the complaint ... A motion for judgment as a matter of law is to be made at the close of an opposing party’s case or at any time on the basis of admissions [see CPLR 4401], and the granting of such a motion . . . generally will be reversed . . . even if the ultimate success of the opposing party in the action is improbable”).

. “The standards of [CPLR 3212 motions for] summary judgment . . . should also be applied by the court to proceedings governed by CPLR 409” *524 (Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.], 18 NY2d 250, 255 [1966]).

. Matter of Gilheany v Civil Serv. Empls. Assn., 59 AD2d 834, 835 (3d Dept 1977).

. See Chelsea Ridge NY, LLC v Clarke, 42 Misc 3d 128(A), 2013 NY Slip Op 52154(U), *1-2 (App Term, 2d Dept, 9th & 10th Jud Dists 2013) (“[a]fter reviewing written submissions from landlord and tenants, the Justice Court made a summary determination [see CPLR 409 (b)] and awarded landlord possession .... However, tenants alleged, in their answer, that there was a rent overcharge. In view of this assertion, it was error for the court to award landlord a final judgment without taking sworn testimony at a trial”).

. See answer verified by Mr. Leifer on June 16, 2016, ¶¶ 7, 9; see also affidavit of Mr. Leifer sworn to June 26, 2016, ¶¶ 17, 18.

. [See affidavit sworn to on June 26, 2016 by Mr. Leifer, ¶ 18; see also answer verified by Mr. Leifer on June 16, 2016, ¶¶ 8, 9.) To the extent that paragraph 8 of the verified answer notifies the petitioners and the court that the respondent asserts the defense that the conditions were caused by the petitioners or the petitioners’ family or guests, the court notes that the paragraph is asserted to be “based upon information and belief” and therefore of no probative value, and will not be considered in ths court’s determination (see L. K. Comstock & Co. v Duffy, 43 AD2d 704, 704 [2d Dept 1973] [“the above-mentioned affidavit in opposition . . . lacks probative value since it was made on information and belief”]). However, the affidavits sworn to by Mr. Leifer do not contain such qualifying language, and therefore will be considered by this court.

. See affidavit sworn to on June 26, 2016 by Mr. Leifer, ¶¶ 17, 18; affidavit submitted sworn to by Mr. Leifer on June 16, 2016, ¶ 19.

. A “general statute must yield to a . . . specific statute” (Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92 [2d Dept 2011]).

. 49 Bleecker, Inc. v Gatien, 51 Misc 3d 152(A), 2016 NY Slip Op 50880CU), *2-3 (App Term, 1st Dept 2016, Ling-Cohan, J., dissenting), citing McKinney’s Cons Laws of NY, Book 1, Statutes § 75, Comment at 160 (1971 ed).

. Alston v Starrett City, Inc., 2016 NY Slip Op 31283(U), *7 (Sup Ct, NY County 2016, Hagler, J.).

. Wall St. Transcript Corp. v Finch Apt. Corp., 148 Misc 2d 181 (Civ Ct, NY County 1990, Gruner-Gans, J.).

. “Contrary to the petitioner’s contention, the Supreme Court did not err in summarily denying the petition. In a special proceeding, the court ‘shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised’ (CPLR 409 [b])” (Matter of Addesso v Addesso, 131 AD3d 1052, 1052 [2d Dept 2015]).

. See Karpf v McLaren, 40 AD2d 995, 995 (2d Dept 1972) (“[i]n our opinion, issues of fact were presented by the proof, which required their submission to the jury”), and L.N.L. Constr. v M.T.F. Indus., 190 AD2d 714, 715 (2d Dept 1993) (“even the color of a triable issue of fact forecloses the remedy [of a summary determination]”).

. See MacLean v 7 Ave. Garden, LLC, 44 Misc 3d 1208(A), 2014 NY Slip Op 51060(U), *4 (Civ Ct, NY County 2014, Kraus, J.) (RPAPL article 7-A proceeding dismissed where “[o]nly two of the three Petitioners actually appeared to testify”); see also Matter of Garcia, 2002 NY Slip Op 50497(U), *23, *26 (Civ Ct, Kings County 2002, Scheckowitz, J.) (“the petition [seeking the appointment of a 7A administrator] is dismissed” where “the court note[ed] that only six of these 15 remaining petitioners have testified at trial”).

. NY Const, art I, § 6 (emphasis added).

. US Const 14th Amend.

. See Sedgwick Ave. Realty Assoc., L.L.C. v Torres, 38 Misc 3d 1212(A), 2013 NY Slip Op 50080(U), *4 (Civ Ct, Bronx County 2013, Lehrer, J.) (“if an affidavit. . . provides the information required by the [statutes], no hearing is required unless the party challenging [the affidavit] alleges specific facts to rebut the statements made in that affidavit”).

. People v Forman, 145 Misc 2d 115, 125 (Crim Ct, NY County 1989, Gruner-Gans, J.) (emphasis added), citing to Schall v Martin, 467 US 253 (1984); Mathews v Eldridge, 424 US 319 (1976); Gerstein v Pugh, 420 US 103 (1975); Matter of Jones v Berman, 37 NY2d 42, 55 (1975); Sharrock v Dell Buick-Cadillac, 45 NY2d 152 (1978).

. Mathews v Eldridge, 424 US at 333, quoting Armstrong v Manzo, 380 US 545, 552 (1965).

. Matter of Scarpitta v Glen Cove Hous. Auth., 48 AD2d 657, 658 (2d Dept 1975).

. Matter of Scarpitta v Glen Cove Hous. Auth., 48 AD2d 657, 658 (2d Dept 1975); see also Barnes v City of New York, 44 AD3d 39, 42 (1st Dept 2007) (where the court “recognizfed] the necessity of putting plaintiffs case to the test of cross-examination”).

. Matter of Scarpitta v Glen Cove Hous. Auth., 48 AD2d 657, 658 (2d Dept 1975).

. Guazzoni v McNamara, 188 Misc 2d 598, 599 (App Term, 1st Dept 2001).

. Dukes v New York City Hous. Auth., 63 AD2d 690, 691 (2d Dept 1978).

. People ex rel. McGee v Walters, 62 NY2d 317, 322 (1984), citing Goldberg v Kelly, 397 US 254 (1970).

. Smith v O’Grady, 312 US 329, 334 (1941).

. See Gideon v Wainwright, 372 US 335, 343 (1963) (“[t]he Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done” [internal quotation marks omitted]).

. Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 (1995).

. See J.H. Taylor Constr Corp. v Liguori, 5 Misc 3d 74, 76 (App Term, 1st Dept 2004) (“[n]or was such evidence otherwise refuted by the tenant, whose failure to testify in his own behalf in defense of the holdover petition allows the court to draw ‘the strongest inference [against him]’ ”).

. Kahn v Riverside Syndicate, 34 AD2d 515, 516 (1st Dept 1970) (“[a] close examination of the record establishes that the proof adduced was clearly insufficient to support the appointment of an administrator. The legislative intent looks to relief in cases of unusual circumstances and neglect” which was not demonstrated in the case at bar).

. McLean v Buffalo Bills Football Club, 32 AD2d 881 (4th Dept 1969), citing CPLR 4401; 4 Weinstein-Korn-Miller, NY Civ Prac former ¶ 4401.11; McTiernan v City of Little Falls, 284 App Div 79 (4th Dept 1954); Matter of Woodard v Motor Veh. Acc. Indem. Corp., 23 AD2d 215 (3d Dept 1965); Squillante v Los Cab Corp., 23 AD2d 656 (1st Dept 1965).